Filed 3/11/24  In re S.R. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re S.R. et al., Persons Coming Under the Juvenile Court Law. | B325909 |
| | (Los Angeles County Super. Ct. No. 20CCJP02823) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| Y.R., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Gabriela H. Shapiro, Juvenile Court Referee.  Dismissed.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephen Watson, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Y.R. appeals from the juvenile court's jurisdiction findings and disposition orders declaring his children Joshua R. (born 2006), L.R. the elder (born 2007), L.R. the younger (born 2011), and P.R. (born 2013) to be dependents of the court pursuant to Welfare and Institutions Code former section 300, subdivisions (b)(1), (c), and (j)[1] and releasing them to his care pursuant to a family maintenance plan.  Y.R. contends the evidence was insufficient to support the juvenile court's finding that the four children were at substantial risk of harm based on Y.R.'s emotional abuse and medical neglect of their older sister S.R. (born 2005), who is not a subject of this appeal.  While this appeal was pending, the juvenile court terminated its jurisdiction over the four children with custody exit orders awarding sole legal and physical custody to Y.R., and the Los Angeles County Department of Children and Family Services (the Department) moved to dismiss his appeal as moot.  Because we cannot grant effective relief to Y.R., we grant the motion and dismiss his appeal as moot.

_____

[1]     All undesignated statutory references are to the Welfare and Institutions Code unless otherwise specified.  Section 300 was amended effective January 1, 2023, after the juvenile court issued its 2022 jurisdiction findings in this case.  (Stats. 2022, ch. 832, § 1.)  The amendments do not impact our analysis.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2022 the Department filed a petition pursuant to former section 300, subdivisions (a), (b)(1), (c), (d), and (j), alleging S.R., Joshua, L.R. the elder, L.R. the younger, and P.R. were in need of juvenile court protection due to Y.R. sexually, physically, and emotionally abusing S.R. and failing to appropriately provide for S.R.'s serious mental health needs.

S.R. was detained from parental custody. The remaining four children were detained from their mother J.L. and released to Y.R.'s custody pending adjudication. Y.R. stated S.R.'s allegations were retaliatory because he would not allow her to date adult men, she was violent toward family members in the home, and he wanted S.R. detained by the Department so that she could get mental health treatment.

On January 12, 2023 the juvenile court held a combined jurisdiction and disposition hearing. The Department reported the family had 17 prior referrals between March 2012 and September 2021, with allegations including general neglect of the children by Y.R. and J.L.; J.L.'s drug use and sexual activity within earshot of the children; Y.R.'s physical abuse of Joshua; S.R.'s sexual, emotional, and physical abuse by Y.R., J.L., and J.L.'s boyfriend; and S.R.'s attempted suicide. Most of those referrals were closed as "inconclusive." Y.R. denied any physical discipline of the children or sexual abuse of S.R. In Department interviews with the children, S.R. reported Y.R. physically striking her, emotionally abusing her and the other children with derogatory names and by mocking her anxiety and ticks, and sexually abusing her on two instances. She also stated she was sexually abused by her adult older brother Hennessy when she

3

was 11. The other four children denied any abuse by Y.R. and stated they felt safe with him, and Joshua, L.R. the elder and L.R. the younger stated S.R. had a history of making allegations of sexual abuse against Y.R. and an ex-boyfriend. Hennessy denied sexually abusing S.R., expressed concern for her mental health, and stated she had previously made sexual abuse allegations against other people and "'acts this way when she doesn't get her way.'" Both Hennessy and S.R.'s adult sister Alize also denied any concerns about any type of abuse by Y.R., and Alize stated that her only concern was S.R.'s mental health.

The juvenile court dismissed the sexual abuse allegations under section 300, subdivision (d), and sustained the remainder of the petition.[2] The court declared Joshua, L. R. the elder, L.R. the younger, and P.R. dependents of the court, removed them from J.L., placed them with Y.R. under Department supervision, and ordered Y.R. to participate in family maintenance services.

On January 13, 2023 Y.R. timely appealed the jurisdiction findings and disposition orders.

---

[2] As sustained, the relevant portions of the petition as to Joshua, L.R. the elder, L.R. the younger, and Perseverance included: counts b-4 (Y.R.'s medical neglect of S.R.'s mental and emotional needs, placing Joshua, L.R. the elder, L.R. the younger, and Perseverance at risk of serious physical harm, damage, danger, and medical neglect); c-1 (Y.R.'s emotional abuse of S.R.); and j-4 (Y.R.'s medical neglect of S.R.'s mental and emotional problems, placing Joshua, L.R. the elder, L.R. the younger, and Perseverance at risk of serious physical harm, damage, danger, and medical neglect). The juvenile court stated it intended to include all the children in counts b-4, j-4, and c-1 (although c-1, as pleaded and as sustained, did not include references to Joshua, L.R. the elder, L.R. the younger, or Perseverance).

4

On July 17, 2023, while this appeal was pending, the juvenile court issued a custody order granting Y.R. sole legal and physical custody of the children and terminated jurisdiction.

## DISCUSSION

A.  *The Mootness Doctrine in Dependency Appeals*

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."'" (*In re D.P.* (2023) 14 Cal.5th 266, 276.)  In dependency cases, the reviewing court decides on a case-by-case basis whether subsequent events render a case moot and whether the court's decision would affect the outcome of a subsequent proceeding.  (*Ibid*.)  A dependency case becomes moot when events ""render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief."'" (*Ibid.*; see *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].)  To show the reviewing court can provide effective relief, the appellant first "must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome [the appellant] seeks." (*In re D.P.*, at p. 276.)

In *In re D.P., supra,* 14 Cal.5th 266, the Supreme Court explained that "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.]  It follows that, to show a need for effective relief, the

5

plaintiff must first demonstrate that he or she has suffered from a change in legal status. Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal. The stigma must be paired with some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision." (*Id.* at p. 277.) Examples of non-moot cases include those where a jurisdiction finding affected parental custody rights, curtailed a parent's contact with his or her child, or resulted in disposition orders that continued to adversely affect a parent. (*Id.* at pp. 277-278.) *In re D.P.* further noted that "speculative future harm" is insufficient to avoid mootness. (*Id.* at p. 278.) "[W]hen a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal," however, "the case is not moot, and merits review is required." (*Id.* at p. 283.)

"When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless." (*In re D.P., supra,* 14 Cal.5th at p. 283, see *id.* at p. 282 [reviewing court has "'inherent discretion'" to reach the merits of an appeal even where the case is moot].) A reviewing court decides on a case-by-case basis whether to reach the merits of a moot appeal. (*Id.* at p. 287.) Generally "when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination'" courts may appropriately consider the merits of a moot appeal. (*Id.* at p. 282.)

Dependency appeals are uniquely prone to mootness, and often "[p]arents may appeal an order that is later changed, or

6

jurisdiction over the child may terminate before an appeal is finally resolved, as in this case." (*In re D.P., supra,* 14 Cal.5th at p. 285.) Accordingly, *In re D.P.* identified several additional factors reviewing courts may consider when deciding whether discretionary review is warranted. (*Id.* at pp. 284-286.) First, whether the challenged jurisdiction finding could impact current or future dependency proceedings (for example, by influencing a child protective agency's decision to file a new dependency petition or a juvenile court's determination about whether to order further reunification services). (*Id.* at p. 285.) Second, "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285-286.) The "more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.) Third, a court may also consider "why the appeal became moot": "[p]rinciples of fairness" may favor discretionary review of cases rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid.*)

In deciding whether to exercise their discretion, reviewing courts "should be guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.'" (*In re D.P., supra,* 14 Cal.5th at p. 286; see § 300.2, subd. (a).)

7

B.    *Y.R.'s Appeal Is Moot*

As noted above, in this appeal Y.R. challenges the juvenile court's January 2023 jurisdiction findings and disposition orders as to Joshua, L.R. the elder, L.R. the younger, and P.R.

His appeal from those orders was rendered moot by the subsequent July 2023 orders terminating jurisdiction and awarding him sole legal and physical custody of the children.

Y.R. did not appeal from the exit orders, which are now final.  As this court explained in *In re Rashad D.* (2021) 63 Cal.App.5th 156, "termination of dependency jurisdiction does not necessarily moot an appeal from a jurisdiction finding that directly results in an adverse juvenile custody order.  But in most cases . . . for this court to be able to provide effective relief, the parent must appeal not only from the jurisdiction finding and disposition order but also from the orders terminating jurisdiction and modifying the parent's prior custody status.  Without the second appeal, we cannot correct the continuing adverse consequences of the allegedly erroneous jurisdiction finding." (*Id.* at p. 159.)  By not appealing the July 2023 custody orders, Y.R. "forfeited any challenge to those rulings, including the juvenile court's jurisdiction to issue them." (*Id.* at p. 167; accord, *In re Gael C.* (2023) 96 Cal.App.5th 220, 225.)  An exit order is a final judgment and is not subject to collateral attack through an appeal from a previous disposition order.  (See § 302, subd. (d) ["Any custody or visitation order issued by the juvenile court at the time the juvenile court terminates its jurisdiction . . . shall be a final judgment and shall remain in effect after that jurisdiction is terminated."]; see also *Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1165 [where the juvenile court terminates its jurisdiction and issues an exit order, "the exit order 'shall be a

8

final judgment and shall remain in effect after [the juvenile court's] jurisdiction is terminated'"].)

Because the exit orders are now final, we do not have jurisdiction to review and change them, and "the juvenile court has no jurisdiction to conduct further hearings in the now-closed case." (*In re Rashad D., supra,* 63 Cal.App.5th at p. 164; see *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 ["where jurisdiction has been terminated and is final . . . jurisdiction cannot be conferred upon the appellate court"]; see also § 304 [juvenile court has exclusive jurisdiction to hear proceedings regarding custody "until the time that the petition is dismissed or dependency is terminated"]; Cal. Rules of Court, rule 5.620(a) [same].) Accordingly, even if we were to reverse the January 2023 jurisdiction and disposition orders, that would have no effect on the July 2023 exit orders—which in any event provide Y.R. full legal and physical custody of Joshua, L.R. the elder, L.R. the younger, and P.R.

In short, we cannot provide Y.R. any effective relief—that is, relief that "'can have a practical, tangible impact on the parties' conduct or legal status.'" (*In re D.P., supra,* 14 Cal.5th at p. 277.) Y.R.'s appeal of the January 2023 jurisdiction findings and disposition orders is thus moot. (See *id.* at p. 276 [a case is moot when events render it impossible for the court to grant appellant meaningful relief]; accord, *In re Gael C., supra,* 96 Cal.App.5th at p. 224.)

D.     *Discretionary Review of Y.R.'s Moot Appeal Is Not Warranted*

As noted above, the Department moved to dismiss the appeal as moot and Y.R. opposed, requesting we exercise our

discretion to review these orders on the merits under *In re D.P.,
supra,* 14 Cal.5th 266. (See *id.* at pp. 282-287 [detailing
"nonexhaustive" factors court may consider in deciding whether
to exercise discretionary review of a moot dependency appeal].)
Y.R. concedes his appeal of the jurisdiction findings and orders is
moot because there is no "specific legal consequence" this court
could redress or relief we can provide which would alter his
present legal status. However, Y.R. contends discretionary
review is appropriate because (1) the jurisdiction findings
"adjudicating [him] as an emotionally abusive and neglectful
parent" would prejudice him in future dependency or family law
proceedings, (2) his "'laudable behavior'" warranted termination
of jurisdiction and rendered the appeal moot; and (3) dismissal
would insulate erroneous jurisdiction findings from review.

After consideration of the relevant factors, we decline to
exercise our discretion to consider Y.R.'s moot appeal. Y.R.'s
appeal does not present circumstances that generally warrant
discretionary review of a moot case, such as an issue of broad
public interest that is likely to recur, the likelihood of a
recurrence of the controversy between the parties, or a material
question that remains for the court's determination. (See *In re
D.P., supra,* 14 Cal.5th at p. 282.)

Y.R.'s allegation of speculative future harm also is
insufficient to demonstrate his appeal is not moot or to warrant
discretionary review. (See *In re D.P., supra,* 14 Cal.5th at
p. 278.) There is no current proceeding that could be impacted,
and he makes no showing or particularized argument regarding
how the challenged jurisdiction findings could potentially impact
a future dependency proceeding. And even if Y.R. were presented
with a future dependency petition or family law proceedings, he

will have the opportunity to explain that Joshua, L.R. the elder, L.R. the younger, and P.R. remained in his care throughout the proceedings and that jurisdiction was terminated in his favor with their return to his sole legal and physical custody, reflecting a court's determination that he did not pose a continuing risk to them.

Also, although the jurisdiction findings involve "stigmatizing" conduct, it is not sufficiently "egregious" to warrant exercise of our discretion to reach the merits. While "stigma alone will not sustain an appeal, a court may consider the nature of the allegations against the parent when deciding whether discretionary review is proper." (*In re D.P., supra,* 14 Cal.5th at p. 286.) Here, jurisdiction was based on Y.R.'s emotional abuse and medical neglect of the children's older sibling. While dependency jurisdiction by definition necessarily involves conduct harmful to children, our assessment of severity or perniciousness is a relative analysis. We do not find the jurisdiction findings against Y.R. to be based on such stigmatizing or pernicious conduct that our concerns over not insulating erroneous and stigmatizing jurisdiction findings from review would prompt us to review the merits in light of all other factors.

We recognize this is a case that was rendered moot by Y.R.'s compliance with the case plan, eventually resulting in the termination of jurisdiction and full custody of the four children to Y.R. (See *In re D.P., supra,* 14 Cal.5th at p. 286 [court may consider whether case was rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal"; because "[i]t would perversely incentivize noncompliance if mootness doctrine

11

resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders"].) We commend Y.R. for his compliance with the case plan. However, while expeditious compliance may favor discretionary review in light of the other factors in this case, we conclude on balance the factors the Supreme Court identified in *In re D.P.* do not warrant discretionary review of Y.R.'s moot appeal.

## DISPOSITION

The appeal is dismissed as moot.


MARTINEZ, J.

We concur:



SEGAL, Acting P. J.



FEUER, J.